UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS J. EARLS,

        Plaintiff,                    Case Number: 5:09-CV-13570

v.                                          HON. JOHN CORBETT O'MEARA

DAVE HERRINGTON,

        Defendant.
_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Thomas J. Earls, a state prisoner incarcerated at the Ojibway Correctional Facility in Marensico, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses the complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted.

In his complaint, Plaintiff alleges that defendant attorney Dave Herrington rendered ineffective assistance in his representation of Plaintiff in a criminal trial. Plaintiff argues that defendant Herrington was aware that the circuit court judge who presided over Plaintiff's criminal trial had an intimate relationship with the victim's wife. Plaintiff maintains that, despite

---

[1]    28 U.S.C. § 1915(e)(2) provides, in pertinent part:

    Notwithstanding any filing fee, or any portion thereof, that may
    have been paid, the court shall dismiss the case at any time if the
    court determines that –
    . . .
    (B) the action or appeal –
    . . .
    (ii) fails to state a claim upon which relief may be granted . . .

this alleged relationship, defendant Herrington refused to file a recusal motion or place an objection on the record.  Further, Plaintiff argues that defendant Herrington allowed known false testimony to stand uncorrected and otherwise failed to present an effective defense by failing to present exculpatory evidence.  Plaintiff alleges that defendant Herrington did so in collusion with the prosecutor and judge.  Plaintiff seeks compensatory and punitive damages.

The essential elements of a claim under 42 U.S.C. § 1983 are that the conduct complained of: (1) was committed by a person acting under color of state law, and (2) deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).  "Absent either element, a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).  To be a "state actor," a party's actions must be "'fairly attributable to the state.'"  *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995), *quoting Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 937 (1982).

Attorneys representing clients in criminal actions do not act under color of law for § 1983 purposes, even where such attorneys are appointed by the government to represent the criminal defendant.  *Polk County v. Dodson*, 454 U.S. 312 (1981).  Thus, Herrington was not acting under color of state law in acting as Plaintiff's defense attorney.  However, "private citizens acting in concert with state officials may be subject to § 1983 liability."  *Horton v. Martin,* 137 F. App'x 773, 774 (6th Cir. 2005), *citing Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980).  Plaintiff asserts that Herrington acted in concert with the prosecutor and trial court judge to deny him a fair trial.  Plaintiff's allegation that Herrington engaged in a conspiracy with the state actors was not pled with a sufficient degree of specificity.  Accordingly, Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  *See id.*

To the extent that Plaintiff claims that his conviction is invalid because he received ineffective assistance of counsel, he also fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A judgment in favor of Plaintiff on this issue would necessarily imply the invalidity of his continued confinement. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held such claims to be improper under 42 U.S.C. § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87. A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973). Thus, if Plaintiff wishes to assert a claim that he was deprived of his right to the effective assistance of counsel, he must do so by filing a habeas corpus petition under 28 U.S.C. § 2254. The Court declines to construe Plaintiff's complaint as a habeas corpus petition because he does not allege that his claims are exhausted, *see Parker v. Phillips*, 27 F. App'x 491, 494 (6th Cir. 2001). Further, the Court declines to construe the complaint as a habeas corpus petition because Plaintiff may want to assert additional or different claims for relief in a habeas corpus petition than those contained in the complaint.

For the foregoing reasons, the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief may be granted.

**SO ORDERED**.

s/John Corbett O'Meara
United States District Judge

Date:  September 28, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 28, 2009, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager
