# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

THOMAS J. EARLS,

        Plaintiff,                       Case Number: 5:09-CV-13570

v.                                               HON. JOHN CORBETT O'MEARA

DAVE HERRINGTON,

        Defendant.
_____/

## ORDER DENYING PETITIONER'S "MOTION FOR RECONSIDERATION – ALTER OR AMEND JUDGMENT"

Plaintiff Thomas J. Earls, a state prisoner incarcerated at the Ojibway Correctional Facility in Marensico, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The Court dismissed the complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff failed to state a claim upon which relief may be granted.

In his complaint, Plaintiff alleged that defendant attorney Dave Herrington rendered ineffective assistance in his representation of Plaintiff in a criminal trial. Plaintiff argued that defendant Herrington was aware that the circuit court judge who presided over Plaintiff's criminal trial had an intimate relationship with the victim's wife. Despite this alleged

---

[1]     28 U.S.C. § 1915(e)(2) provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> . . .
> (B) the action or appeal –
> . . .
> (ii) fails to state a claim upon which relief may be granted . . .

relationship, defendant Herrington refused to file a recusal motion or place an objection on the record. Plaintiff further argued that defendant Herrington, in collusion with the prosecutor and judge, allowed known false testimony to stand uncorrected and otherwise failed to present an effective defense by failing to present exculpatory evidence.

The essential elements of a claim under 42 U.S.C. § 1983 are that the conduct complained of: (1) was committed by a person acting under color of state law, and (2) deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). To be a "state actor," a party's actions must be "'fairly attributable to the state.'" *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995), *quoting Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 937 (1982). The Court held that Herrington was not acting under color of state law simply by virtue of being Plaintiff's defense attorney, *see Polk County v. Dodson*, 454 U.S. 312 (1981), (holding that attorneys representing clients in criminal actions do not act under color of law for § 1983 purposes, even where such attorneys are appointed by the government to represent the criminal defendant), and that Plaintiff's allegation that Herrington engaged in a conspiracy with state actors was not pled with sufficient specificity to allege a claim upon which relief may be granted. Further, the Court held that Plaintiff's claim that his conviction is invalid because he received ineffective assistance of counsel failed to state a claim upon which relief may be granted pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Court, therefore, dismissed the complaint.

Plaintiff seeks reconsideration of the Court's Order under Local Rule 7.1(g)(3) and asks the Court to alter or amend its judgment under Federal Rules of Civil Procedure 59. Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by

2

which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

Petitioner has not demonstrated that a palpable defect occurred in this Court's decision dismissing the complaint. Rather, he simply disagrees with the Court's decision. A motion predicated on such an argument is an insufficient ground upon which to grant a motion for reconsideration. L.R. 7.1(g)(3); *see also, Meekison v. Ohio Department of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998). Therefore, reconsideration is denied.

Petitioner also asks the Court to alter or amend the judgment, pursuant to Federal Rule of Civil Procedure 59(e). Motions to alter or amend judgments, filed pursuant to Fed. R. Civ. P. 59(e), are "entrusted to the court's sound discretion." *Keweenaw Bay Indian Community v. United States*, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996) (*citing Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). Rule 59(e) motions are generally granted when one of the following circumstances arises:

> (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; or (3) necessity to correct a clear error of law or prevent manifest injustice.

*Nagle Industries, Inc. v . Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997) (*citing Keweenaw Bay*, 940 F. Supp. at 1141). "Such motions, however, are 'not intended as a vehicle to relitigate previously considered issues;' 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence' and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments

3

previously presented.'" *Id.*, *(quoting Keweenaw Bay*, 904 F. Supp. at 1141).

None of the arguments set forth by Petitioner in support of his motion satisfy the standards under which Rule 59(e) motions may be granted. Petitioner does not argue that an intervening change in the law requires that the Court amend its judgment, nor does he establish that the Court committed a clear error of law which must be remedied. Petitioner's arguments also do not satisfy the only remaining prong under which Rule 59(e) relief may be granted, that evidence which was previously unavailable suddenly has become available. Thus, Petitioner has failed to show entitlement to relief under Rule 59(e).

Accordingly, **IT IS ORDERED** that Petitioner's "Motion for Reconsideration – Alter or Amend Judgment" [dkt. # 6] is **DENIED**.

                      s/John Corbett O'Meara
                      United States District Judge

Date: March 10, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 10, 2010, using the ECF system and/or ordinary mail.

                      s/William Barkholz
                      Case Manager